Nicoleta Maria LESAN,
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73834.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided July 18, 2006.

Before: SCHROEDER, Chief Judge,
GRABER, Circuit Judge, and DUFFY,*
District Judge.

MEMORANDUM **

Petitioners Nicoleta Maria Lesan and
Constantin Mircea Lesan, citizens and na-
tionals of Romania, and their son, Rosan
Lesan, a citizen and national of Ireland,
seek review of the Board of Immigration
Appeals' ("BIA") decision, without opinion,
affirming the immigration judge's (the
"IJ") denial of their application for asylum,
for withholding of removal and for protec-
tion under the United Nations Convention
Against Torture and Other Cruel, Inhu-
man or Degrading Treatment or Punish-
ment ("CAT").[1] We have jurisdiction pur-
suant to 8 U.S.C. § 1252(a)(1) and remand
to the BIA for further consideration.

---

* The Honorable Kevin Thomas Duffy, Senior
Judge, United States District Court for the
Southern District of New York, sitting by des-
ignation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
9th Cir. R. 36–3.

1. Nicoleta Maria Lesan is the lead petitioner
in this matter. She was the only petitioner to
file an application for asylum. Her family's
claims are derivative of her claim.

We review to determine if there was "substantial evidence" to support the IJ's adverse credibility finding. *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). "Although this standard is deferential, the adverse credibility finding must be supported by specific, cogent reasons, and cannot be based on speculation and conjecture." *Shire v. Ashcroft,* 388 F.3d 1288, 1295 (9th Cir.2004). These reasons must be substantial and bear a legitimate nexus to the findings. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990).

Nicoleta Lesan alleges that she was persecuted for her religious activities—she is a Pentecostal Christian who was actively proselytizing. The IJ's adverse credibility determination was based, in large part, on his erroneous belief that Lesan lived in the town of Dobric. The town of Dobric, according to a study of Romanian demographics on which the IJ relied, has a population that is 80% Pentecostal Christian. Despite noting that Lesan lived in the town of Bistrita at the beginning of his opinion, the IJ relied on his mistaken belief that she lived in Dobric throughout his analysis, stating that the demographics of Dobric were "extraordinarily significant" to his findings.

The other reasons given by the IJ for his adverse credibility determination are based only on speculation and conjecture. In considering Lesan's demeanor at the hearing the IJ found that Lesan was appropriate and non-assertive, and based on this, he speculated that she could not have behaved in the confrontational manner described in her testimony. The IJ also faulted Lesan for not providing additional details regarding her interaction with the police. However, Lesan was not on notice to provide such information because she was not asked to do so by either the IJ or the government. *Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999).

The IJ's adverse credibility finding is not supported by substantial evidence. Because each of the IJ's proffered reasons for the adverse credibility finding fails, Lesan's testimony must be accepted as true. *Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004). We therefore grant the petition for review and remand to the BIA to determine whether, accepting Lesan's testimony as credible, she is eligible for relief. *INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Petition GRANTED and case REMANDED.